CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED
NOV 02 2012
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| KAREN DARNELL SULLIVAN, | ) | CASE NO. 5:11CV00130 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | By: B. WAUGH CRIGLER |
| | ) | U. S. MAGISTRATE JUDGE |

This challenge to a final decision of the Commissioner which denied plaintiff's December 28, 2007 protectively-filed applications for a period of disability, disability insurance benefits, and supplemental security income ("SSI") under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381 et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this action from the docket of the court.

In a decision issued on March 9, 2010, an Administrative Law Judge ("Law Judge") found that plaintiff met the insured status requirements through June 30, 2012, and that she had not engaged in substantial gainful activity since June 15, 2006, her alleged disability onset date. (R. 23.) The Law Judge determined plaintiff suffered the following severe impairments: lumbar

degenerative disc disease, bilateral knee osteoarthritis (right greater than left), diabetes with peripheral neuropathy, and obesity. (*Id.*) He concluded that plaintiff did not suffer an impairment or combination of impairments that met or medically equaled a listed impairment. (R. 25.) He found that plaintiff had the residual functional capacity ("RFC") to perform light work[1] that involved only occasional balancing, stooping, kneeling, crouching, crawling and climbing of ramps and stairs, and no climbing of ropes, ladders, or scaffolds. (R. 25-26.) The Law Judge further found that she must avoid exposure to heights and moving machinery. (R. 26.) He concluded that this RFC did not preclude plaintiff from performing her past relevant work as a short order cook and as a secretary. (R. 30.) Thus, the Law Judge determined that plaintiff was not disabled under the Act. (*Id.*)

Plaintiff appealed the Law Judge's March 9, 2010 decision to the Appeals Council. (R. 1-3.) The Appeals Council found no basis in the record or in the reasons advanced on appeal to review the decision, denied review, and adopted the Law Judge's decision as the final decision of the Commissioner. (R. 1.) This action ensued.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence which the court is to review for clear error or lack of substantial evidentiary

---

[1] Light work is defined as work involving "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and requiring "a good deal of walking or standing" or "sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. §§ 404.1567(b), 416.967(b).

support. *Craig v. Chater*, 76 F.3d 585 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966).

In support of her motion for summary judgment, plaintiff argues that the decisions by the Law Judge and the Appeals Council are not supported by substantial evidence. (Pl's Brief, pp. 2-5.) She contends that the medical evidence that was in the record before the Law Judge demonstrated that she suffers more impairments than just those found by the Law Judge. (Pl's Brief, p. 3.) Specifically, she argues that the substantial evidence demonstrate she has suffered from fibromyalgia, hyperlipidemia, COPD, depression, restless leg syndrome, hypertension, lumbar decompression, cervical spondylosys with radiation into her extremities, an ovarian cyst, carpal tunnel syndrome, and bilateral neuroforminal narrowing. (*Id.*) Plaintiff further contends that she suffered spinal impairments which existed for many years and for which she has undergone prior surgeries, including a fusion procedure in 2005. (Pl's Brief, pp. 3-4.)

The undersigned notes that plaintiff's brief fails to provide record citations to the medical evidence she claims supports her contention that she suffers more severe impairments than the Law Judge found to exist. The record in this case is almost 1700 pages, and it is filled with medical evidence revealing that plaintiff has suffered a plethora of maladies. It would have aided the court's decision-making process for counsel to have pointed to those portions of the medical record revealing how each malady had more than a minimal effect on her ability to perform gainful activity.

During oral argument, plaintiff's counsel explained that the evidence supporting her disability essentially is a letter dated August 28, 2009 from D. Brooke Miller, M.D. (R. 1530-

3

1531.) Dr. Miller had treated the plaintiff for almost a year, and he noted he had reviewed plaintiff's medical records dating back to 2004. (R. 1530.) Based on that, Dr. Miller opined that "I do not feel that Ms. Sullivan could hold a full-time job that requires any *significant* exertion." (*Id*)(emphasis added.) Dr. Miller noted that plaintiff's back bothered her on a daily basis and was aggravated by prolong sitting and standing, pushing, and pulling. (*Id.*) He found that she suffered arthritic degenerative disease in her knees and would need a total joint replacement at some point. (*Id.*) Further, the physician suggested that plaintiff in the past had suffered with pain in her spine and knees, and her shoulder. (*Id.*) Dr. Miller concluded, "Unfortunately, she is going to suffer and deal with chronic pain in the rest of her life." (R. 1531.)

Under the regulations and applicable circuit decisional authority, a Law Judge and the Commissioner must consider the following in evaluating medical opinions: "'(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist.'" *Hines v. Barnhart,* 453 F.3d 559, 563 (4th Cir. 2006) (quoting *Johnson v Barnhart,* 434 F.3d 650, 654 (4th Cir. 2005)).

It is well-established that the evidence of a treating doctor should be accorded greater weight. *Hunter v. Sullivan,* 993 F.2d 31, 35 (4th Cir. 1992). Yet, when that physician's opinion is not supported by the objective medical evidence or is inconsistent with other substantial evidence, it may be given "significantly less weight." *Craig,* 76 F.3d at 590. Moreover, where the evidence is such that reasonable minds could differ as to whether the claimant is disabled, the decision falls to the Law Judge, and ultimately to the Commissioner, to resolve the inconsistencies in the evidence. *Johnson,* 434 F.3d at 653; *Craig,* 76 F.3d at 589.

4

The Law Judge clearly considered Dr. Miller's opinion, but he determined that it was entitled to "little weight." (R. 29.) Specifically, he found Dr. Miller's use of the term "significant exertion" and the descriptive word "prolonged" fell short of specifying functional limitations in a vocational context. (*Id.*) In fact, the Law Judge held, "The ambiguity of said limitations provides minimal guidance in establishing the functional limitations that are caused by the claimant's impairments." (*Id.*)

Just as counsel for the Commissioner stated in oral argument, plaintiff had the burden to demonstrate not only that she suffered diagnosable conditions, but that those maladies functionally limited her in a way that disabled her from her past relevant work. The Law Judge essentially found that her treating source evidence fell short of establishing functional limitations which would prevent her from performing her past relevant work. The undersigned is of the view that his decision to accord "little weight" to Dr. Miller's opinion because of its ambiguity is supported by substantial evidence.

The undersigned also believes that the Law Judge gave due consideration to the plethora of maladies revealed in the record. The burden, however, was on plaintiff to demonstrate how these impairments, alone or in combination, imposed work-related limitations which would impact her ability to work to a greater degree than those included in the Law Judge's RFC. Other than the report of Dr. Miller, the medical record is simply a collection of data about maladies which plaintiff suffered without any indication about their projected vocational effects.

For these reasons, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(l)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/
U.S. Magistrate Judge

11-02-2012
Date